IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-03543-SKC

ANTHONY NEWSOME,

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

ORDER

---

On January 22, 2018, Plaintiff Anthony James Newsome filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging a disability onset date of August 12, 2016. [Dkt. 11, AR at 262, 266.][1] Plaintiff alleged his ability to work was limited by post-traumatic stress disorder (PTSD), and back and shoulder issues.[2] [*Id.* at 286.] Plaintiff was born on August 26, 1970, and was 45 years old on the date of his alleged disability onset. [*Id.* at 26.] He graduated from high school and had previous work experience as a mail processing clerk with the United States Postal Service. [*Id.* at 287.]

---

[1] The Court uses "[Dkt. __]" to refer to specific docket entries in CM/ECF. The Court uses "[AR at ___]" to refer to entries from the Administrative Record.

[2] Plaintiff does not appeal the ALJ's findings regarding his physical impairments.

1

After his initial application was denied, Plaintiff requested a hearing (at which he was represented by counsel), which was held on July 19, 2019, before Administrative Law Judge Erin Justice ("ALJ"). [*Id.* at 32-64.] During the hearing, Plaintiff testified he suffered from PTSD because of his military combat service in Iraq. [*Id.* at 40-59.] He reported persistent problems with depression, flashbacks, blackouts, and intrusive thoughts, and he stated he was hospitalized several times for suicidal ideation. [*Id.*] Plaintiff testified he still struggled with depression and suicidal ideation despite working with a therapist and support groups. [*Id.*] Plaintiff's attorney argued Plaintiff's history satisfied the "A", "B", and "C" criteria of Social Security Listings 12.04 (Depressive, bipolar and related disorders); 12.06 (Anxiety and obsessive-compulsive disorders), and 12.15 (Trauma- and stressor-related disorders).[3] [*Id.* at 56-58.]

The ALJ denied Plaintiff's petition on August 21, 2019. [*Id.* at 12-31.] Following the decision, Plaintiff requested review by the Appeals Council. [*Id.* at 259.] The Appeals Council denied his request on October 10, 2019, and in doing so, the decision of the ALJ then became the final decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted).

Plaintiff then filed this action on December 14, 2019, pursuant to Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33 and 1381-83(c), for review of the Commissioner's final decision denying his application for DIB and SSI. [#1.]

---

[3] The "B" and "C" criteria for each listing are identical.

On February 24, 2020, the parties consented to magistrate judge jurisdiction to "conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment." [Dkt. 12.] Accordingly, on July 7, 2020, the case was referred to this Court [Dkt. 20], which has jurisdiction to review the final decision of the Commissioner. 42 U.S.C. § 405(g).

The Court has carefully considered the Complaint [Dkt. 1], Plaintiff's Opening Brief [Dkt. 17], Defendant's Response Brief [Dkt. 18], Plaintiff's Reply [Dkt. 19], the entire case file, the Social Security Administrative Record ("AR"), and applicable law. A hearing is unnecessary. For the following reasons, the Court REMANDS the Commissioner's decision for further proceedings.

### A. DISABILITY FRAMEWORK

A person is disabled within the meaning of the Social Security Act "only if his physical and/or mental impairments preclude him from performing both his previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-cv-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (quoting 42 U.S.C. § 423(d)(2).) "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain

3

jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15–cv–00230–JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original, quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 97234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at step three with no need to proceed further in the five-step analysis. 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we

4

do not go on to the next step").[4] Between the third and fourth steps, the ALJ must assess the claimant's residual functional capacity ("RFC"). *Id.* § 404.1520(e). The claimant has the burden of proof in steps one through four. The Commissioner bears the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The ALJ's opinion in this case followed the five-step process outlined in the Social Security regulations. [AR at 12-31.] At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since August 12, 2016. [*Id.* at 17.] At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, obesity, PTSD, depression, and anxiety. [*Id.*] At step three, the ALJ found Plaintiff did not have an impairment that met or medically equaled a listed impairment. [*Id.* at 18-20.]

> She then found Plaintiff had a residual functional capacity (RFC)
>
> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can occasionally lift 20 pounds, frequently lift 10 pounds, stand/walk for a total of 4 hours and sit for about 6 hours in an 8 hour day; can frequently operate foot controls; can never climb ladders, ropes and scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch and crawl; can never work around unprotected heights and heavy machinery; can have [occasional] interaction with the general public and cannot tolerate strict production pace work such as assembly line work and can tolerate [occasional] changes in the workplace.

[*Id.* at 20.]

---

[4] Throughout this opinion, while the Court may cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations (which contain the Commissioner's regulations relating to disability insurance benefits), identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

At step four, the ALJ concluded Plaintiff was unable to perform any of his past relevant work. [*Id*. at 25.] However, the ALJ also concluded there were other jobs in the economy Plaintiff could perform, including office helper, router, and routing clerk. [*Id*. at 26-27.] Because there was a significant number of jobs he could perform, the ALJ found Plaintiff did not meet the definition of "disabled" for purposes of the Social Security Act. [*Id*. at 27] Accordingly, Plaintiff's applications for SSI and DIB were denied.

## B. STANDARD OF REVIEW

In reviewing the Commissioner's final decision, the Court is limited to determining whether the decision adheres to applicable legal standards and is supported by substantial evidence in the record as a whole. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (citation omitted); *Angel v. Barnhart,* 329 F.3d 1208, 1209 (10th Cir. 2003). The Court may not reverse an ALJ simply because it may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in their decision. *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). The Court will not "reweigh the evidence

or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty,* 515 F.3d at 1070 (internal citation omitted). Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## C. ANALYSIS

Plaintiff makes several arguments on appeal. One of those arguments—the ALJ erred in her step three analysis of the "C" criteria—is sufficient on its own to warrant reversal. Therefore, the Court declines to address the remaining contentions as they may be impacted on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand.").

At step three, the Commissioner must determine whether a claimant's severe impairments meet or medically exceed the severity of the impairments listed in Appendix 1 of the Social Security regulations. *See* 20 C.F.R. § 404.1520(a)(4). Although the claimant bears the burden of demonstrating his impairments meet or equal the "A" and "B", or "A" and "C" requirements, *Fischer–Ross v. Barnhart*, 431 F.3d 729, 732 (10th Cir. 2005), the ALJ nevertheless has a responsibility to "articulate the specific reasons for finding that the listing has not been met, including a discussion of the uncontroverted evidence that supports the claimant's application for

benefits, and the significantly probative evidence that he or she rejects." *Sommers v Berryhill*, No. 16-cv-02844-STV, 2018 WL 1115989, at *6 (D. Colo. Feb. 27, 2021) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)) (internal quotation marks omitted).

> The "C" criteria of 12.04, 12.06, and 12.15 are as follows:
>
> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

In her step three analysis, the ALJ first discussed in detail—including citation to and discussion of various medical records—the reasons why the record did not support finding Plaintiff met the "B" criteria for any listing. [AR at 18-20.] In stark contrast, however, the ALJ only offered the following with respect to the "C" criteria:

> The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The record does not establish that the claimant has only marginal adjustment, that is, a minimal capacity to adapt to the changes in the claimant's environment or to demands that are not already part of the claimant's daily life.

8

[*Id.* at 20.][5]

In its Response, the Commissioner dutifully reminds this Court it may not reweigh the evidence and must simply determine whether the ALJ's findings are supported by the substantial evidence. [Dkt. 18 at 9.] The Commissioner then proceeds to cite and discuss large swaths of the medical record for its position that remand is unnecessary. [*Id.* at 9-11.] The fundamental problem with this argument, however, is that one cannot reweigh that which has never stepped foot on a scale. To be sure, the Commissioner's approach itself is a request to weigh the evidence, albeit dressed in a different package: *post hoc* analysis. It may very well be that evidence supports the ALJ's conclusions regarding the "C" paragraph of the listings. But she did not discuss or resolve the discrepancies between the evidence cited by either party on appeal, thus making it impossible for this Court to conclude substantial evidence supports her findings.[6]

The Court must evaluate the ALJ's determination "based solely on the reasons stated in the decision." *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir.

---

[5] The ALJ did not discuss the "A" requirements for each listing. It is not clear whether this was because she concluded Plaintiff satisfied the requirements or because consideration was unnecessary considering her other assessments.

[6] Plaintiff cites evidence that would seemingly support a conclusion he meets the "C" criteria. For example, he has been in ongoing forms of psychological treatment, and he has been repeatedly hospitalized for suicidal ideation. [*See i.e.*, AR at 1072-81.] At one point, it was recommended Plaintiff's wife supervise him 24 hours per day. [*Id.* at 44.] And the homeless shelter where Plaintiff resides apparently permits him to stay at the shelter during the day (while others must leave) due to his mental health challenges. [*Id.* at 36.] In making these observations, the Court offers no opinion as to whether Plaintiff would meet the "C" criteria. To the extent the ALJ considered the foregoing evidence and rejected it, it should be explained on remand.

2004). Because there is no discussion of the probative evidence the ALJ relied on or rejected with respect to paragraph "C", the Court cannot meaningfully assess the Commissioner's decision *vis-a-vis* the applicable regulations and Social Security rulings. And any attempt to do so would be pure supposition. Without these necessary findings, the Court must remand because proper review is not possible. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); *Bowman v. Astrue*, 511 F.3d 1270, 1274 (10th Cir. 2008).

\*   \*   \*

For the reasons set forth above, the Commissioner's decision is REMANDED for further proceedings consistent with this opinion. Plaintiff is awarded his costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).

DATED: September 27, 2021.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge